| THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH ||
|---|---|
| CHERYL AND CORY JONES, Plaintiffs, | CASE NO. |
| vs. | COMPLAINT |
| CLEARFIELD POLICE DEPARTMENT, et al; UNITED STATES DRUG ENFORCEMENT AGENCY et al., and NICHOLAS LYON, Defendants. | Case: 1:26-cv-00016 Assigned To : Pead, Dustin B. Assign. Date : 2/13/2026 Description: Jones et al v. Clearfield Police Department et al |

FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
FEB 13 2026
GARY P. SERDAR
CLERK OF COURT
BY_____ DEPUTY CLERK

Plaintiffs, Cory and Cheryl Jones, hereby complains and alleges the following:

### INTRODUCTION

1. This civil rights case involves the brazen and negligent actions of the Clearfield Police Department, the United States Drug Enforcement Agency (DEA) and Nichoas Lyon in his individual capacity as an agent with the DEA, all of which pertain to the untimely death of Makia Dawn Jones.

2. On the day of March 27, 2024, Makia Dawn Jones, hereinafter referred to as the decedent, allegedly committed suicide in the home of the Plaintiffs. The decedent was found to have hung herself in a basement bedroom of the Plaintiff's home upon the Decedent's mother, Cheryl Jones, returning from running errands. An autopsy report shows that the decedent was found hanging by a black nylon ligature which was attached to a metal rod in the ceiling. A copy of the Autopsy Report is attached hereto as **Exhibit 1**, and incorporated herein by reference.

3. The decedent's mother, Cheryl Jones, brings this lawsuit for monetary damages for the death of her daughter, alleging claims under the Fourth and Fifth Amendments to the United States Constitution.

## JURISDICTION AND VENUE

4. This case is brought pursuant to *Bivens* and the Fourth Amendment to the United States Constitution. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

5. Venue is proper in the District of Utah because a substantial part of the events complained of and giving rise to Plaintiff's claims occurring in this District. *See* 28 U.S.C. §§ 1391(b), 1391(e), 1402(b).

## PARTIES

6. Plaintiff's Cheryl Jones and Cory Jones are United States citizens currently residing in Clearfield, Utah. Cheryl Jones is the mother of the decedent, Makia Dawn Jones, who was also a United States citizen. The decedent also resided in Clearfield, Utah at the time of her death. Plaintiff's bring this lawsuit jointly as the surviving mother and father of the decedent.

7. Defendant(s), Clearfield Police Department, are who responded to the Plaintiff's call for assistance upon finding their daughter, the decedent, hanging by a ligature in their home. The Clearfield Police Department was acting under the color of law. The Clearfield Police Department is an agency oversaw by the state attorney general's office, which itself is regulated by the Department of Justice.

8. Defendant(s), Drug Enforcement Agency, are pertinent to this matter due to statements and allegations made by the decedent, both to the Plaintiff, Cheryl Jones, and via written communications discovered prior to and after the death of the decedent. The DEA is a United States federal law enforcement agency under the United States Department of Justice.

9. Defendant, Nicholas Lyon, in his individual capacity is stated to have joined the Unified Police Department of the greater Salt Lake Valley, where he joined the DEA task force and became an undercover agent.

## JURY DEMAND

10. Plaintiff's demand a trial by jury in this action on each of their claims triable by jury.

## FACTS

**Makia Dawn Jones' Death**

11. On the afternoon of March 27, 2024, after agreeing to enter a drug treatment facility, the decedent was left at home by the Plaintiff, Cheryl Jones, for the Plaintiff to run errands prior to taking the decedent to the drug treatment facility. Plaintiff was accompanied by a friend of the decedent during this time. The decedent was scheduled to be checked in at the drug treatment facility at 1:30 p.m. that afternoon.

12. At approximately 1:00 p.m., Plaintiff Cheryl Jones returned to her home and upon entering discovered the decedent hanging from the ceiling by a black nylon ligature. Plaintiff immediately ran to the neighbor's house asking them to call 911 for assistance. A copy of the Supplemental Police Report dated March 27, 2024 is attached as **Exhibit 2** and incorporated herein by reference.

13. Plaintiff Cheryl Jones immediately screamed for help from her husband, Cory Jones, and they proceeded to cut the nylon strap to get their daughter to the floor so they could do CPR while awaiting for emergency services to arrive.

14. When officer's arrived on the scene, they entered the home and located the Plaintiff's and the decedent. Upon a police officer entering the home, Plaintiff Cory Jones informed the officer "I have a pulse" regarding the decedent. Another officer on scene began yelling at the Plaintiffs stating "leave, leave, get out of here" while also pushing the Plaintiffs out of the room. Plaintiff Cheryl Jones informed the officers there was Narcan upstairs, but the officer simply stated, "we have Narcan" and proceeded to force the Plaintiff's outside of the home.

15. The officers on scene continued to treat the Plaintiff's as uncooperative and hostile despite the Plaintiff's attempt to cooperate with them to the best of their ability during such a traumatic and shocking situation.

16. Despite the Plaintiff's attempt to get the officers to treat the decedent with Narcan, there is no mention of Narcan being administered in any of the reports nor is it shown on any of the available body cam footage.

17. The officer's on scene were more concerned with searching the Plaintiff's home for drugs than in attempting to save the decedent's life. A copy of a screenshot of the Search Warrant from the bodycam footage is attached hereto as **Exhibit 3** and incorporated herein by reference. Also, a copy of the Return to Search Warrant is attached hereto as **Exhibit 4** and incorporated herein by reference.

18. Plaintiffs did give consent to the officer's to search the common areas of the home but requested that for a search of private rooms in the home, each respective party who

resided in each private room of the home be present for the search. Despite this, the Plaintiff's were improperly treated as uncooperative and hostile.

19. The decedent was taken by ambulance to Holy Cross Hospital where she was eventually pronounced deceased at approximately 2:11 p.m. Following the decedent's death, an autopsy was completed, and a toxicology screening was also run. A copy of the Toxicology Report is attached hereto as **Exhibit 5** and incorporated herein by reference.

20. As shown in the toxicology report, there was a large amount of Fentanyl, Amphetamines and Benzodiazepines were found in the decedent's blood stream at the time of her death.

21. Due to the decedent's struggles with drug use it is alleged that the Defendant's failed to properly handle the death investigation of the decedent as well as their failure to properly adhere to the Plaintiff's constitutional rights with their behavior towards the Plaintiff's as well as their execution of the search warrant as it relates to the Plaintiff's residence.

22. As an officer/agent with the Drug Enforcement Agency, Defendant Lyon behaved in a criminal manner when he provided the decedent with Fentanyl, stalked the decedent when she tried to extricate herself from the relationship and the dangerous situations Defendant Lyon placed her in. Defendant Lyon failed to act properly in his capacity as an officer/agent with the Drug Enforcement Agency by involving himself with drug trafficking, sex trafficking and by maintaining relationships with gang affiliated members of society.

23. Instead of being on the side of the law, Defendant Lyon aligned himself with a criminal element(s) for his own personal benefit. Defendant Lyon repeatedly and willfully committed violent and vicious acts upon the decedent, by his own hand or by ordering a 3rd party to commit said acts on his behalf.

24. Defendant(s) as officers with the Clearfield Police Department failed to handle the situation properly as their actions against the Plaintiffs were unreasonable, unnecessary and excessive. Defendant(s) as officers of the Clearfield Police Department also failed to properly secure the scene, investigate the scene or to look at the situation through the proper investigative lense. The Clearfield Police Department made improper assumptions pertaining to the death of the decedent and the extenuating circumstances surrounding the alleged suicide of the decedent as well as failing to properly collect and/or preserve evidence at the scene by not having the Crime Scene Investigation unit process the scene despite Plaintiff's attempts to submit said evidence or their requests for further investigation.

25. Defendant(s) acted with willful neglect and negligence with the specific purpose of not investigating the death of the decedent for any potential foul play and immediately assuming it was a suicide.

### SYSTEMIC PROBLEMS OF NEGLIGENCE IN LAW ENFORCEMENT

26. Makia Dawn Jones' death is unfortunately not a unique event, but part of a larger problem of negligence and confirmation bias in law enforcement as it pertains to parties struggling with drug use, human sex trafficking and/or domestic abuse by a partner in law enforcement.

27. Due to the decedent's struggles with drug use, law enforcement officers viewed her death as nothing more than a suicide and ultimately failed to look at the larger picture and the extenuating circumstances surrounding the decedent's death.

28. Far to frequently, women and/or men struggling with domestic violence, drug use and/or are being forced to commit sex acts at the hands of sex traffickers can frequently slip through the cracks of the legal system.

### CAUSES OF ACTION

### COUNT ONE

### VIOLATION OF THE FOURTH AMENDMENT

29. The forgoing allegations are re-alleged and incorporated herein by reference.

30. At the time of the decedent's death, Defendants acted intentionally and unreasonably with the purpose of only searching the home for alleged drugs without legal justification.

31. Defendants' actions violated the Fourth Amendment's prohibition against search and seizures with excessive and unreasonable force.

### COUNT TWO

### VIOLATION OF THE FIFTH AMENDMENT

32. The forgoing allegations are re-alleged and incorporated herein by reference.

33. At the time of the decedent's death, Defendants were not in danger of fatal or bodily harm by the Plaintiffs or anyone else.

34. In failing to properly handle the death of the decedent or the search of the property, Defendants acted intentionally and unreasonably without legal justification. Defendant's

actions were unnecessary to achieve any legitimate law enforcement objective.

35. Defendant's actions were deliberately indifferent, and shocked the conscience, in violation of the substantive due process component of the Fifth Amendment.

## RELIEF

WHEREFORE, Plaintiffs respectfully request relief as follows:

36. A declaration that the Defendant's actions violated the Constitution;

37. Trial by jury;

38. Damages, including punitive damages, in an amount to be proven at trial;

39. Such other relief as the Court deems just and equitable; and

40. Demand for jury trial.

[THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK]

Dated: January 9th, 2025

_____
Cheryl Jones
Plaintiff


State of Utah

County of Davis


On this 9 day of January, 2026, before me, Caitlyn Short the undersigned officer, Cheryl Jones did personally appear before me, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that she executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.


(SEAL)

CAITLYN SHORT
NOTARY PUBLIC • STATE OF UTAH
COMMISSION NO. 740076
COMM. EXP. 11/14/2028

_____
Notary Public
My Commission Expires: 11/14/2028

7

Dated: Jan. 9th 2026

_____
Cory Jones
Plaintiff


State of Utah

County of Davis


On this 9 day of January, 2026, before me, Caitlyn Short the undersigned officer, Cory Jones did personally appear before me, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.


(SEAL)

_____
Notary Public
My Commission Expires: 11/14/2028

CAITLYN SHORT
NOTARY PUBLIC • STATE OF UTAH
COMMISSION NO. 740076
COMM. EXP. 11/14/2028