Darcy M. Goddard (Utah Bar 13426)
Kristin VanOrman (Utah Bar 7333)
Shayla A. Slaymaker (Utah Bar 20004)
**STRONG & HANNI, P.C.**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
E-mail: dgoddard@strongandhanni.com
E-mail: kvanoman@strongandhanni.com
E-mail: sslaymaker@strongandhanni.com

*Attorneys for Defendant Clearfield Police Department*

---

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH**
**NORTHERN DISTRICT OF UTAH**

| | |
|---|---|
| CORY JONES and CHERYL JONES,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARFIELD POLICE DEPARTMENT, UNITED STATES DRUG ENFORCEMENT AGENCY, and NICHOLAS LYON,<br><br>Defendants. | **CLEARFIELD CITY POLICE DEPARTMENT'S MOTION TO DISMISS**<br><br>Civil. No. 1:26-cv-00016<br><br>The Honorable Dustin B. Pead<br>United States Magistrate Judge |

Under Federal Rule of Civil Procedure 12(b)(6) and DUCivR 7-1(A)(4)(a), Clearfield City (Clearfield), on behalf of Defendant "Clearfield Police Department"[1] (Clearfield PD), respectfully moves this Court for an order dismissing Plaintiffs Craig Jones' and Cheryl Jones' (collectively, Plaintiffs) Complaint and all claims and causes of action alleged therein as against Clearfield PD.

## CONCISE STATEMENT OF RELIEF SOUGHT AND SUMMARY OF ARGUMENT

Plaintiffs allege violations of both the Fourth and Fifth Amendments in connection with Clearfield PD's investigation of their daughter's tragic death in March 2024. Specifically, Plaintiffs allege that officers employed by municipal agency Clearfield PD "acted intentionally and unreasonably with the purpose of only searching the home for alleged drugs without legal justification," in violation of the Fourth Amendment.[2] This, because officers submitted a probable cause affidavit and obtained a search warrant prior to searching Plaintiffs' home,[3] at the time an active crime scene. Plaintiffs also allege that officers employed by Clearfield PD, "in failing to properly handle the death of [Makia] or the search of the property," acted "without legal justification," "were deliberately indifferent," and acted in a manner that "shock[s] the conscience," in alleged violation of substantive due process under the Fifth Amendment.

---

[1] The municipal agency referred to in the Complaint as "Clearfield Police Department" is not a legal entity capable of suing or being sued. Plaintiff's claim, to the extent it should be asserted at all, should be asserted against the municipality Clearfield City.

[2] Complaint (Compl.), Doc. 1, at ¶ 30.

[3] *Id.* at ¶ 17. A true and correct copy of the search warrant affidavit referenced in paragraph 17 of Plaintiffs' Complaint is attached hereto as Exhibit A. A true and correct copy of the search warrant referenced in paragraph 17 of Plaintiffs' Complaint is attached hereto as Exhibit B.

Plaintiffs' allegations are deficient as a matter of law. Plaintiffs fail, for example, even to allege a policy, practice, or custom of the municipality or municipal agency that conceivably resulted in the acts, omissions, or injuries of which they complain. They also ignore that officers requested and obtained a valid search warrant prior to searching their home—which was, sadly, the location of Makia's death. Last, although characterized with conclusory language about "shocking the conscience," Plaintiffs' allegations are facially deficient as to the Fifth Amendment, as well, boiling down to complaints that officers "yelled" at them,[4] "push[ed]" them out of the room"[5] (where officers were attempting to treat the Makia's injuries), and shortly thereafter obtained a warrant to search their house when Plaintiffs refused their full consent.[6] Even taken as true, which we must at this stage of the case, as a matter of law the actions alleged by Plaintiffs do not rise to the level of denying substantive due process.

All claims and causes of action against Clearfield PD should be dismissed.

---

[4] *Id*. at ¶ 14.

[5] *Id*.

[6] *Id*. at ¶ 17.

## STATEMENT OF RELEVANT FACTS[7]

1. Plaintiffs Cory Jones (Cory) and Cheryl Jones (Cheryl) are the parents of now-deceased Makia Dawn Jones (Makia).[8]

2. Makia was found by her mother, Cheryl, at about 1:00 p.m. on March 27, 2024, "hanging from the ceiling by a black nylon ligature"[9] in her parent's home—less than an hour before she was scheduled to be checked into a "drug treatment facility."[10]

3. Cheryl Jones ran to a neighbor's house and asked them to call 911.[11]

4. Cory Jones "cut the nylon strap to get their daughter to the floor so they could do CPR while awaiting for emergency services to arrive."[12]

5. "When officers arrived on the scene, they entered the home and located Plaintiffs and [Makia]."

6. On their arrival, Cory informed Clearfield PD officers, "I have a pulse," and Cheryl "informed the officers there was Narcan upstairs." The officers responded, "we have Narcan" while repeatedly telling Plaintiffs to leave and go outside.[13]

---

[7] This statement is not intended to be a complete recitation of all facts or claims relevant to all defendants. Instead, to avoid redundant briefing and promote judicial economy, we address here only those issues and facts relevant to Clearfield PD.

[8] Complaint (Compl.), Doc. 1, at ¶¶ 6, 11-12. Clearfield means no disrespect by the use of first names. Because Plaintiffs and their daughter share the same last name, first names are used to differentiate between them.

[9] *Id.* at ¶ 12.

[10] *Id.* at ¶ 11.

[11] *Id.* at ¶ 12.

[12] *Id.* at ¶ 13.

[13] *Id.* at ¶ 14.

7. Plaintiffs allege that officers "continued to treat Plaintiffs as uncooperative and hostile despite Plaintiffs' attempt to cooperate with them to the best of their ability during such a traumatic and shocking situation."[14]

8. Plaintiffs further allege, "[d]espite [] Plaintiffs' attempt to get the officers to treat [Makia] with Narcan, there is no mention of Narcan being administered in any of the reports nor is it shown on any of the available body cam footage."[15]

9. Officers obtained a search warrant to search Plaintiff's' home.[16]

10. Plaintiffs allege the warrant was obtained because "officers on scene were more concerned with searching the Plaintiffs' home for drugs that in attempting to save [Makia's] life."[17]

11. Plaintiffs allege that officers "failed to properly handle the death investigation of [Makia]" "[d]ue to [her] struggles with drug use."[18]

12. Plaintiffs also allege that officers "fail[ed] to properly adhere to the Plaintiff's constitutional rights with her behavior towards the Plaintiffs as well as their execution of a search warrant as it relates to the Plaintiffs' residence."

---

[14] *Id*. at ¶ 15.

[15] Although Plaintiffs do not include it in their complaint, EMTs arrived quickly and took over Makia's care, including to transport her to Holy Cross Hospital where she was pronounced dead at approximately 2:11 p.m., about one hour after Cheryl found her. *Id*. at ¶ 19.

[16] *Id*. at ¶ 17. Plaintiffs allege they agreed to a search of their home, but for "private rooms" they wanted the individual who resided in each "to be present for the search." *Id*. at ¶ 18.

[17] *Id*. at ¶ 17.

[18] *Id*. at ¶ 21.

13. Last, Plaintiffs allege: (i) "officers of the Clearfield [PD] also failed to properly secure the scene, investigate the scene or to look at the situation through the proper investigative lense[sic]," and (ii) "the Clearfield [PD] made improper assumptions pertaining to the death of the decedent and the extenuating circumstances surrounding the alleged suicide of the decedent as well as failing to properly collect and/or preserve evidence at the scene by not having the Crime Scene Investigation unit process the scene despite Plaintiffs' attempts to submit such evidence for the request for further investigation."[19]

14. Plaintiffs do not allege or describe what evidence at the scene was allegedly not "properly collect[ed]" or "preserv[ed]," or what evidence they later attempted to "submit."

## LEGAL STANDARD FOR MOTION TO DISMISS

Under Rule 12(b)(6), a motion to dismiss should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[20] All well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-movant.[21] To that end, to survive a motion to dismiss, the complaint must allege enough facts, taken as true, to make the claim to relief "plausible on its face.'"[22] This requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation."[23] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

---

[19] *Id.* at ¶ 24.

[20] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[21] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[24] Instead, the court must also disregard conclusory allegations and instead look to the remaining factual allegations to see whether the plaintiffs have stated a plausible claim."[25]

Generally, a Rule 12(b)(6) motion must be converted to a motion for summary judgment if "matters outside the pleading are presented to . . . the court" so that "all parties . . . [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[26] Notwithstanding that general principle, if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.[27] "If the rule were otherwise, a plaintiff with a deficient claim could survive a motion to dismiss simply by not attaching a dispositive document upon which the plaintiff relied."[28]

---

[24] *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original); *see also Southern Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).

[25] *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023) (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)) (cleaned up).

[26] Fed. R. Civ. P. 12(b).

[27] *GFF Corp.*, 130 F.3d at 1384-85 (citing cases from numerous courts of appeal).

[28] *Id.* at 1385.

## ARGUMENT

**1. Plaintiffs' claim against the municipal agency "Clearfield Police Department" fails as a matter of law because Plaintiffs have not identified, and cannot identify, any municipal or agency custom or policy that was the direct cause of any alleged constitutional violation**

In *Monell v. Department of Social Services of New York City,* the Supreme Court held that a municipality cannot be held liable under Section 1983 "solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under a *respondeat superior* theory."[29] Thus, for Clearfield PD to be liable under 42 U.S.C. section 1983, Plaintiffs must allege both that there was "deprivation of [] rights, privileges, or immunities secured by the Constitution and laws of the United States,"[30] and that the alleged violation resulted directly from the municipality's or municipal agency's own policy, practice, or custom, or a decision by an official with final policymaking authority.[31] Plaintiffs must also identify deliberate indifference on the part of the municipality or municipal agency in maintaining or permitting the policy or custom at issue.[32]

Leaving aside Plaintiffs' conclusory allegations regarding "systemic problems of negligence in law enforcement"[33] and purported "confirmation bias" regarding drug users,[34] Plaintiffs fail to identify any policy, practice, or custom of Clearfield City or Clearfield PD that

---

[29] 436 U.S. 658, 691 (1978).

[30] *Fowler v. Stitt*, 104 F.4th 770, 797 (10th Cir. 2024).

[31] *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1184 (10th Cir. 2020) (quoting *Quintana v. Santa Fe Cnty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020)).

[32] *Id.*

[33] Compl., Doc. 1, at ¶ 26.

[34] *Id.*

directly caused or even contributed to the acts or omissions alleged. Having failed to do so, Plaintiffs' Complaint is deficient as a matter of law as to Clearfield PD and it must be dismissed as against them.

**2. Plaintiffs' Fourth Amendment claim also fails because the search was conducted pursuant to a judicially authorized warrant.**

Plaintiffs' Complaint alleges that officers' search of their home was "unreasonable" and conducted "without legal justification."[35] They acknowledge, however, that the officers obtained judicial search warrant beforehand. But the Supreme Court has held that "where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner, or in 'objective good faith.'"[36]

In addition, although Plaintiffs described the warrant as "unreasonable," in fact it was narrowly focused on items associated with "the attempted suicide of the victim, including, but not limited to, ropes, cords, leashes, and tow straps. Also including any documents, including any documents, whether written or typed, electronically or physically, of intended suicide or self-harm."[37] Officers' collection of these items, as well as any drug paraphernalia found during the search, conforms to the scope of the judicial authorization, notwithstanding Plaintiffs' disagreement with it.

---

[35] Compl., Doc. 1, at ¶¶ 24, 300.

[36] *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (citing *United States v. Leon*, 468 U.S. 897, 922-23 (1984)).

[37] Ex. A hereto.

Plaintiffs' Fourth Amendment claim is deficient as a matter of law and it should be dismissed as to Clearfield PD.

**3. Plaintiffs fail as a matter of law to state a viable claim for violation of substantive due process under the Fifth Amendment.**

Substantive due process protects only against government conduct that is so "egregious" that it violates the "decencies of civilized conduct" or "shocks the conscience."[38] The Supreme Court has stated[39]:

> Like prison officials facing a riot, the police on an occasion calling for fast action have obligations that tend to tug against each other. Their duty is to restore and maintain lawful order, while not exacerbating disorder more than necessary to do their jobs. They are supposed to act decisively and to show restraint at the same moment, and their decisions have to be made "in haste, under pressure, and frequently without the luxury of a second chance."

Here, even as alleged by Plaintiffs, the "situation" at their home on the day of Makia's death was "traumatic" and "shocking."[40] Plaintiffs allege that officers from Clearfield PD arrived in response to a 911 call, entered Plaintiffs' home, and took over resuscitation efforts on Makia[41] until EMTs arrived and Makia was transported to the hospital, where shortly thereafter she was pronounced dead.[42] Officers also supposedly did not adequately investigate the scene—although Plaintiffs do not explain what specifically the officers allegedly failed to do or what

---

[38] *County of Sacramento v. Lewis*, 523 U.S. 833, 846-49 (1998). *See also id.* ("To recognize a substantive due process violation . . . when only midlevel fault has been shown would be to forget that liability for deliberate indifference . . . rests upon the luxury enjoyed by [] officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations.")

[39] *Id.* at 853.

[40] Compl., Doc. 1, at ¶ 15.

[41] *Id.* at ¶ 12, 14, 19.

[42] *Id.* at ¶ 19.

evidence they allegedly failed to uncover. Disregarding Plaintiffs' conclusory allegations about the apathy officers supposedly felt toward Makia because she suffered from a substance use disorder, in the end Plaintiffs complain only that officers "yelled" at them,[43] "push[ed]" them out of the room" (where Cory and then officers attempted to treat the Makia's injuries),[44] and shortly thereafter obtained a warrant to search Plaintiffs' house when Plaintiffs refused their full consent.[45] Plaintiffs also complain that officers allegedly "made improper assumptions" and failed to use the "proper investigative lense[sic]" given, among other things, the officers' "confirmation bias." Even when all these allegations are taken as true, as a matter of law, the actions alleged by Plaintiffs do not rise to the level of a substantive due process violation. Nothing Plaintiffs allege, whether considered individually or as a whole, is "egregious" or so outrageous that it violates the "decencies of civilized conduct"[46]

Plaintiffs' claim for an alleged violation of substantive due process is deficient on its face and should be dismissed.

---

[43] *Id*. at ¶ 14.

[44] *Id*.

[45] *Id*. at ¶ 17.

[46] *County of Sacramento v. Lewis*, 523 U.S. 833, 846-49 (1998). *See also id*. ("To recognize a substantive due process violation . . . when only midlevel fault has been shown would be to forget that liability for deliberate indifference . . . rests upon the luxury enjoyed by [] officials of having time to make unhurried judgments, upon the chance for repeated reflection, largely uncomplicated by the pulls of competing obligations.")

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Complaint is fatally flawed as to Clearfield PD. Accordingly, Plaintiffs' claims and causes of action as against Clearfield PD should be dismissed and Clearfield PD should be terminated as a party to this action.

Respectfully submitted this 13th day of April, 2026.

**STRONG & HANNI, P.C.**

/s/ Darcy M. Goddard
Darcy M. Goddard
Kristin A. VanOrman
Shayla A. Slaymaker
*Attorneys for Defendant Clearfield Police Dept.*

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of April 2026, a true and correct copy of the foregoing Defendant Clearfield Police Department's Motion to Dismiss was served on the following by the method indicated below:

| | | |
|---|---|---|
| Cheryl Jones<br>Cory Jones | ( )<br>( )<br>( )<br>( )<br>(X)<br>(X) | U.S. Mail, postage prepaid<br>Hand Delivery<br>Overnight Mail<br>Facsimile<br>Email<br>E-filing Notification |
| United States Drug Enforcement Agency | ( )<br>( )<br>( )<br>( )<br>(X)<br>(X) | U.S. Mail, postage prepaid<br>Hand Delivery<br>Overnight Mail<br>Facsimile<br>Email<br>E-filing Notification |
| Nicholas Lyon | ( )<br>( )<br>( )<br>( )<br>(X)<br>(X) | U.S. Mail, postage prepaid<br>Hand Delivery<br>Overnight Mail<br>Facsimile<br>Email<br>E-filing Notification |

*/s/ Darcy M. Goddard*