## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

FILED
2026 APR 21
CLERK
U.S. DISTRICT COURT

Cheryl Jones and Cory Jones,
Plaintiffs,

v.          Case No. 1:26-cv-00016-DBP

Clearfield Police Department, et al.,
Defendants.

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT CLEARFIELD POLICE DEPARTMENT'S MOTION TO DISMISS

### Introduction

Plaintiffs Cheryl Jones and Cory Jones, appearing pro se, respectfully oppose Defendant Clearfield Police Department's Motion to Dismiss. Plaintiffs' Complaint arises from the traumatic death of their daughter, Makia Dawn Jones, and the conduct of responding officers during and after that emergency.

At the pleading stage, the Court must accept Plaintiffs' factual allegations as true and construe them in the light most favorable to Plaintiffs. Plaintiffs have alleged sufficient facts to proceed, or at minimum should be granted leave to amend any deficiencies.

## Factual Background

On March 27, 2024, Plaintiffs discovered their daughter hanging in their home and immediately attempted CPR while emergency services were called. Plaintiffs alleged that when officers arrived, Plaintiffs informed officers there was a pulse and that Narcan was available upstairs. Plaintiffs further alleged they were yelled at, pushed from the room, treated as hostile, and prevented from retrieving personal items necessary to travel to the hospital.

Plaintiffs also alleged officers focused on searching the residence rather than lifesaving efforts, prematurely assumed suicide, failed to properly preserve evidence, failed to fully investigate possible foul play, and later withheld or incompletely produced body-camera footage. Plaintiffs further alleged they gave limited consent to search common areas, while requesting private rooms be searched only with an occupant present.

## Argument

### I. Pro Se Pleadings Must Be Liberally Construed

Plaintiffs are not attorneys. Courts construe pro se pleadings liberally and permit amendment where justice requires. Plaintiffs should not lose potentially valid constitutional claims because of imperfect drafting or technical pleading defects.

## II. If Clearfield Police Department Is Not a Separate Entity, Substitution Is More Appropriate Than Dismissal

Defendant argues the police department is not a suable entity. If the Court agrees, the proper remedy is not automatic dismissal with prejudice. Plaintiffs respectfully request leave to substitute City of Clearfield or any proper municipal defendant.

## III. Plaintiffs Adequately Allege Municipal Policy, Custom, or Failure to Train, or Should Be Allowed to Amend

Plaintiffs alleged systemic negligence, confirmation bias, failure to preserve evidence, failure to investigate suspicious circumstances, and prioritizing drug searches over emergency response. These allegations reasonably suggest failures of supervision, training, customs, or practices.

If the Court finds additional specificity necessary under Monell, Plaintiffs respectfully request leave to amend to allege more detailed facts after discovery.

## IV. A Warrant Does Not Automatically Defeat Plaintiffs' Fourth Amendment Claims

Defendant relies heavily on the later-obtained warrant. However, Plaintiffs challenge conduct occurring before, during, and after the warrant process, including:

- forcibly removing Plaintiffs during emergency efforts;
- treating Plaintiffs as hostile despite cooperation;

- scope and manner of search execution;
- focus on evidence gathering over rescue efforts;
- seizure and restriction of Plaintiffs within their own home.

Even where a warrant exists, the manner of execution must still be reasonable.

## V. Plaintiffs State a Plausible Due Process Claim

Plaintiffs alleged officers acted callously during a family medical emergency, ignored information relevant to overdose treatment, prematurely concluded suicide, failed to preserve evidence, and treated grieving parents harshly. Whether that conduct shocks the conscience is fact-intensive and should not be resolved before discovery.

## VI. Leave to Amend Should Be Granted

Even if the Court finds any claim insufficiently pled, leave to amend should be freely granted. Plaintiffs can clarify:

- proper defendants;
- constitutional basis (including Fourteenth Amendment if applicable);
- municipal customs or failures to train;
- individual officer conduct;
- damages and injuries;
- additional factual detail from body-camera evidence and reports.

Dismissal with prejudice would be unjust, especially for pro se litigants at an early stage.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss should be denied. Alternatively, Plaintiffs respectfully request leave to file an amended complaint curing any deficiencies identified by the Court.

DATED this $\underline{21}$ day of $\underline{April}$, 2026.

Cheryl Jones

Cory Jones