**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**
**NORTHERN DIVISION**

FILED
2026 APR 21
CLERK
U.S. DISTRICT COURT

---

**Cheryl Jones and Cory Jones,**
**Plaintiffs,**

v. Case No. 1:26-cv-00016-DBP

**City of Clearfield;**
**Detective Christensen, in his individual capacity; and**
**John Doe Officers 1–5, in their individual capacities,**

**Defendants.**

---

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Cheryl Jones and Cory Jones, appearing pro se, for their First Amended Complaint allege as follows:

## I. INTRODUCTION

1. This civil rights action arises from the conduct of responding law-enforcement officers during and after a medical emergency at Plaintiffs' residence on March 27, 2024, involving the death of Plaintiffs' daughter, Makia Dawn Jones.
2. Plaintiffs do not bring this action merely because officers responded to an emergency. Plaintiffs bring this action because officers allegedly treated Plaintiffs unreasonably inside their own home, interfered with Plaintiffs during an active medical crisis, conducted and executed a search in an unreasonable manner, and failed to properly preserve and investigate evidence afterward.
3. Plaintiffs seek damages and other relief under 42 U.S.C. § 1983 for violations of the United States Constitution.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.
5. Venue is proper in the District of Utah under 28 U.S.C. § 1391 because the events occurred in Utah.

## III. PARTIES

6. Plaintiffs Cheryl Jones and Cory Jones are residents of Utah and the parents of Makia Dawn Jones.
7. Defendant City of Clearfield is a municipal entity organized under Utah law and responsible for policies, customs, supervision, and training of its police officers.
8. Defendant Detective Christensen was at all relevant times a law-enforcement officer acting under color of state law. He is sued in his individual capacity.
9. Defendants John Doe Officers 1–5 were responding officers whose names are presently unknown. They are sued in their individual capacities and will be identified through discovery.

## IV. FACTUAL ALLEGATIONS

10. On March 27, 2024, Plaintiffs discovered their daughter Makia in medical distress inside their home.
11. Plaintiffs immediately attempted to save her life and emergency services were contacted.
12. Before officers arrived, Plaintiffs cut Makia down and performed CPR.
13. When officers arrived, Plaintiffs informed them that Makia had a pulse and that Narcan was available upstairs.
14. Plaintiffs allege they were then yelled at, ordered out, physically pushed or forced from the room, and treated as hostile or uncooperative despite the emergency circumstances.
15. Plaintiffs allege officers prioritized control of the scene and searching the residence over respectful treatment of Plaintiffs and urgent lifesaving concerns.
16. Plaintiffs requested access to personal items including a phone, keys, and shoes in order to contact family members and travel to the hospital, but allege officers denied or obstructed those requests.
17. Plaintiffs allege officers sought consent to search from multiple family members under chaotic circumstances and received inconsistent responses.

18. Plaintiffs allege any consent given was limited, including permission to search common areas while requesting private rooms be searched only in the presence of the room occupants.
19. Plaintiffs further allege officers later obtained and/or executed a warrant, but did so in an unreasonable manner and beyond what was reasonably necessary under the circumstances.
20. Plaintiffs allege officers prematurely concluded the matter was suicide, failed to adequately preserve evidence, failed to fully process the scene, and failed to meaningfully investigate suspicious or disputed circumstances raised by Plaintiffs.
21. Plaintiffs also allege body-camera footage was withheld, incompletely produced, or excessively redacted, limiting Plaintiffs' ability to understand what occurred.
22. As a direct and proximate result of Defendants' actions, Plaintiffs suffered severe emotional distress, trauma, humiliation, grief aggravation, and violation of constitutional rights.

## V. CLAIMS FOR RELIEF

### COUNT I

**Fourth Amendment – Unreasonable Seizure / Unreasonable Search and Execution**

(Against Individual Defendants)

23. Plaintiffs incorporate all prior paragraphs.
24. Plaintiffs had a right to be secure in their home and free from unreasonable seizures and unreasonable execution of law-enforcement authority.
25. Defendants unreasonably seized, restrained, expelled, or controlled Plaintiffs inside their own residence during a family medical emergency.
26. Defendants further acted unreasonably in the manner they obtained, conducted, or executed any search of the home.
27. As a direct result, Plaintiffs suffered damages.

### COUNT II

**Fourteenth Amendment – Substantive Due Process**

(Against Individual Defendants)

28. Plaintiffs incorporate all prior paragraphs.
29. Defendants acted with deliberate indifference and in a manner that shocks the conscience by aggressively mistreating grieving parents during an active life-threatening emergency and by disregarding Plaintiffs' dignity and family integrity interests.
30. Defendants' conduct caused severe emotional and constitutional injury.

**COUNT III**

**Municipal Liability Under 42 U.S.C. § 1983 (Monell)**

(Against City of Clearfield)

31. Plaintiffs incorporate all prior paragraphs.
32. The constitutional violations described herein were caused or enabled by one or more policies, customs, practices, failures to train, failures to supervise, or deliberate indifference of the City, including but not limited to:

a. inadequate training on treatment of occupants during emergency scenes;
b. inadequate training on limits of consent searches and execution of searches in crisis settings;
c. inadequate supervision regarding use of force or coercion against family members;
d. inadequate evidence preservation and scene investigation practices;
e. tolerance of withholding or improper handling of body-camera evidence.

33. These municipal failures were a moving force behind the injuries suffered by Plaintiffs.

**VI. DAMAGES**

34. Plaintiffs suffered:

a. emotional distress;
b. mental anguish;
c. humiliation;
d. violation of constitutional rights;
e. other compensatory damages to be proven at trial.

35. Plaintiffs seek punitive damages against individual defendants where permitted by law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

A. Compensatory damages in an amount to be determined at trial;
B. Punitive damages against individual defendants;
C. Declaratory relief that Defendants violated Plaintiffs' constitutional rights;
D. Costs and allowable fees;
E. Leave to amend to substitute true names of John Doe defendants;
F. Such other relief as the Court deems just and proper.

## VIII. JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

DATED this 21 day of April, 2026.

Cheryl Jones, Plaintiff

Cory Jones, Plaintiff