FILED
2026 MAY 19 3:37PM
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| Cory Jones and Cheryl Jones,,<br><br>Plaintiff,<br><br>v.<br><br>City of Clearfield, Detective Christensen, ) et al.,<br><br>Defendant. | **MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Case No. Civil No. 1:26-cv-00016-DBP<br><br>Hon. Magistrate Judge Dustin B. Pead |

**INTRODUCTION**

Plaintiffs Cheryl Jones and Cory Jones, proceeding pro se, respectfully submit this memorandum in opposition to Defendants' Motion to Dismiss the Amended Complaint. For the reasons explained below, Plaintiffs' claims are plausible and well pleaded. Defendants' motion should be denied in its entirety, or, in the alternative, Plaintiffs respectfully request leave to amend further should the Court so require.

**FACTUAL BACKGROUND**

As set forth in the Amended Complaint, this case arises from Defendants' conduct surrounding the tragic death of Plaintiffs' daughter, Makia Dawn Jones, in March 2024. Plaintiffs allege that responding officers—acting under color of law—unreasonably seized and expelled Plaintiffs from their home during a medical emergency, failed to secure and investigate the scene properly, neglected to collect all available and offered evidence (including evidence suggesting foul play), and refused to take key witness statements.

Importantly, Defendants have not produced any body camera footage of the execution of the search, despite Plaintiffs' knowledge that such footage should exist, and despite portions of available video depicting unprofessional and, in some instances, illegal conduct by officers at the scene.

Plaintiffs have further exercised substantial diligence in seeking all relevant body camera footage from the Clearfield City Police Department. Plaintiffs paid approximately $1,200 for these records. Initial access was provided via Google Drive, including video captured by an employee showing officer drug use at the scene; after receiving this, Plaintiffs' access was terminated and the employee was fired. When Plaintiffs requested body cam footage on a thumb drive, critical videos previously accessible were omitted. These actions support Plaintiffs' Monell allegations regarding improper evidence handling, transparency failures, and investigative misconduct, and require discovery for further factual development. (See Declaration of Cheryl Jones, attached.)

## ARGUMENT

I. Pro Se Pleadings Must Be Liberally Construed and Should Not Be Dismissed for Technical Deficiencies

Pro se pleadings are construed less strictly than attorney-prepared filings. Haines v. Kerner, 404 U.S. 519, 520 (1972). Leave to amend should be freely granted if necessary.

II. Plaintiffs Plausibly State Claims for Relief

A. Fourth Amendment – Unreasonable Seizure and Search (§ 1983)

The Amended Complaint plausibly alleges Defendants used excessive force and unreasonably expelled Plaintiffs during an active emergency, in violation of Fourth Amendment safeguards. The search warrant issued was limited to certain evidence (related to “attempted suicide”), yet officers went beyond its scope and failed to document the search with body camera footage as required by policy—facts supporting both the unreasonableness of the search and deficiencies in officer training and supervision. See United States v. Ramirez, 523 U.S. 65, 71 (1998).

B. Fourteenth Amendment – Substantive Due Process

Plaintiffs have alleged that officers acted with deliberate indifference and egregious disregard for Plaintiffs’ rights, including ignoring and refusing evidence of possible foul play, ignoring statements and offers from Plaintiffs,

and treating them as hostile or uncooperative. Whether this conduct "shocks the conscience" is a fact question inappropriate for resolution at the pleading stage. See County of Sacramento v. Lewis, 523 U.S. 833, 853 (1998).

C. Monell Liability – Systemic Failures in Policy, Training, and Supervision

The facts demonstrate more than isolated misjudgment; they identify longstanding training, supervision, and policy issues—including the failure to require or preserve body camera evidence during critical stages, disregard for the constitutional rights of residents in crisis, and lack of investigatory rigor. These allegations plausibly state a claim for relief against the municipality. Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

III. Newly Discovered Facts Strengthen Plaintiffs' Claims

Plaintiffs allege, and are prepared to show, that at least two officers ingested methamphetamine at the scene—an act captured on portions of body camera footage, which Defendants have resisted producing in full. Officers' drug use during an active death investigation, coupled with their refusal to accept or document vital evidence, fundamentally undermines the integrity of any investigation and supports both individual and Monell liability. These severe allegations cannot be brushed aside at the motion to dismiss stage and require full discovery and factual development.

IV. Qualified Immunity is Not Appropriate at This Stage

Qualified immunity does not shield officers when the facts alleged show clear departures from established rights. At the motion to dismiss stage, Plaintiffs' factual allegations must be accepted as true, and any factual disputes resolved in their favor.

V. Leave to Amend

If the Court identifies any pleading deficiency, Plaintiffs respectfully seek leave to further amend their complaint to supplement with specific facts or evidence.

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendants' Motion to Dismiss the Amended Complaint in its entirety. In the alternative, Plaintiffs request leave to amend further if the Court determines any technical deficiency exists.

Respectfully submitted,

Dated: April 23, 2026

/s/ Cheryl Jones

Cheryl Jones, Pro Se Plaintiff

/s/ Cory Jones

Cory Jones, Pro Se Plaintiff