Darcy M. Goddard (Utah Bar 13426)
Kristin VanOrman (Utah Bar 7333)
Shayla A. Slaymaker (Utah Bar 20004)
**STRONG & HANNI, P.C.**
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508
E-mail: dgoddard@strongandhanni.com
E-mail: kvanoman@strongandhanni.com
E-mail: sslaymaker@strongandhanni.com

*Attorneys for Defendants Clearfield City & Detective Chance Christensen*

**IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH**
**NORTHERN DISTRICT OF UTAH**

| | |
|---|---|
| Cheryl Jones and Cory Jones,<br><br>Plaintiffs,<br><br>v.<br><br>City of Clearfield, a municipal entity; Detective Christensen, in his individual capacity; John Doe Officers 1-5, in their individual capacities,<br><br>Defendants. | **CLEARFIELD DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>Civil. No. 1:26-cv-00016<br><br>The Honorable Dustin B. Pead<br>United States Magistrate Judge |

Under Federal Rule of Civil Procedure 12(b)(6) and DUCivR 7-1(A)(4)(a), Clearfield City (Clearfield), "Detective Christensen," and John Doe Officers 1-5 (collectively, Clearfield Defendants), by and through undersigned counsel, respectfully submit this Reply Memorandum in Support of their Motion to Dismiss Plaintiffs' Amended Complaint (Motion[1]).

**ARGUMENT IN REPLY**

This case arises from the tragic and untimely death of Plaintiffs' daughter Makia Dawn Jones. In their Amended Complaint,[2] Plaintiffs Cheryl Jones (Cheryl) and Cory Jones (Cory), still grieving the loss of Makia, express anger and disappointment with how officers of the Clearfield City Police Department (Clearfield PD) responded to the Jones' home after Cheryl and Cory discovered Makia hanging from their ceiling. While Plaintiffs' anger at the loss of Makia is understandable—as is, perhaps, their disagreement with how officers secured the scene, obtained a search warrant, and conducted a lawful search of the residence while investigating these traumatic events—Plaintiffs' anger and disagreement do not equate to constitutional violations. Nor do the allegations set forth in Plaintiff's' Amended Complaint.[3]

[1] Motion to Dismiss Plaintiffs' Amended Complaint (Motion), Doc. 20, filed May 5, 2026.

[2] Plaintiffs' Amended Complaint (Am. Compl.), Doc. 18, filed April 21, 2016.

[3] This is so even despite the liberal construction afforded to pro se pleadings. *See*, *e.g.*, Pls' Opp., Doc. 25, at 3 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). As the Tenth Circuit has stated (*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citations omitted)):

> The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.
>
> Not every fact must be described in specific detail, and the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint. Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.

First, Plaintiffs' individual-capacity claims are barred by qualified immunity. As explained in the Motion,[4] once a defendant invokes the affirmative defense of qualified immunity, the plaintiff must satisfy a two-part test.[5] As part of this "heavy two-part burden," the plaintiff must first establish the defendant's acts or omissions violated a constitutional or statutory right.[6] Next, the plaintiff must show the right at issue was clearly established at the time officers engaged in the allegedly unlawful conduct.[7]

In their Opposition, Plaintiffs do not even attempt to identify the clearly established law they allege was violated by the officers here. Relying instead on sensational allegations not pleaded in the Amended Complaint,[8] and thus not properly considered here,[9] Plaintiffs argue only that (i) officers' search exceeded the scope of the search warrant, in purported violation of the Fourth Amendment,[10] and (ii) officers "ignore[ed] and refus[ed] evidence of foul play" and

---

[4] Motion, Doc. 20, at 8-12.

[5] *Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000).

[6] *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995); *see also Siegert v. Gilley,* 500 U.S. 226, 232 (1991) ("A necessary concomitant to the determination of whether the constitutional right asserted by a plaintiff is 'clearly established' . . . is the determination of whether the plaintiff has asserted a violation of a constitutional right at all.").

[7] *Id.* "In assessing whether a right was clearly established, the court must look at the objective legal reasonableness at the time of the challenged action and ask if 'the right [was] sufficiently clear that a reasonable officer would understand that what he [was] doing violate[d] that right.'" *Boyett*, 2006 WL 3422104, at *14 (quoting *Wilson v. Layne*, 526 U.S. 603, 615 (1999)).

[8] Pls' Opp., Doc. 25, at 4 (describing "newly discovered evidence"). These un-pleaded facts include—incredibly—allegations of on-camera methamphetamine usage by officers on scene. *Id*.

[9] Fed. R. Civ. P. 12(b).

[10] Pls' Opp., Doc. 25, at 3.

"statements and offers from Plaintiffs,"[11] and that officers supposedly failed to use or produce body worn camera footage, all in purported violation of substantive due process. The former argument ignores the actual language of and authority conveyed by the search warrant,[12] which broadly encompassed items associated with suicide (which certainly might include drugs or drug paraphernalia) and illegal items in plain view once the officers were lawfully inside the residence (whether as emergency service personnel or as officers executing a warrant). The latter argument lacks any factual detail describing what "evidence of foul play" or "offers from Plaintiffs" were ignored, let alone the difference that evidence might have made, if any, in the investigative process Plaintiffs argue was insufficient.[13] Moreover, both arguments are devoid of any case law—let alone clearly established case law—to support Plaintiffs' claims, and undersigned counsel has been unable to find any based on the facts alleged.

Second, as explained in the Motion,[14] Plaintiffs do not allege any specific action or involvement by Detective Christensen, the only individual-capacity defendant identified by name, as would establish his personal liability for a constitutional violation. Other than listing him on the caption and describing him in paragraph 8, Plaintiffs' Amended Complaint fails to mention Detective Christensen by name at all. Plaintiffs' Opposition similarly does not address the specifics of Detective Christensen's involvement, if any. Because "[i]ndividual liability under [Section] 1983 must be based on personal involvement in the alleged constitutional

---

[11] *Id.*

[12] *See also* Motion, Doc. 20, at 9-10 & Exs. 1-2; *id.* at 13.

[13] *See also id.* at 10-12.

[14] Motion, Doc. 20, at 12.

violation,"[15] and because here Plaintiffs do not even attempt to meet that standard, the allegations are facially deficient as against him. Detective Christensen should be dismissed.

Third, as explained in the Motion,[16] for Clearfield City to be liable under Section 1983, Plaintiffs must allege both that there was "deprivation of [] rights, privileges, or immunities secured by the Constitution and laws of the United States"[17]—which Plaintiffs have not (and cannot) for reasons stated above and in Clearfield Defendants' Motion—and that the alleged violation resulted directly from the municipality's own policy, practice, or custom, or a decision by an official with final policymaking authority.[18] Plaintiffs must also describe with sufficient and specific facts evidence of deliberate indifference on the part of the municipality in maintaining or permitting the policy or custom at issue.[19]

In their Amended Complaint, Plaintiffs refer only to broadly stated, allegedly deficient training or supervision by Clearfield City regarding: (a) "treatment of occupants during emergency scenes"; (b) "limits of consent searches and execution of searches in crisis settings"; and (c) "use of force or coercion against family members."[20] Plaintiffs fare no better in their Opposition. There, Plaintiffs' only attempt to meet the relevant standard is in their reference to purportedly "long standing" issues with "training, supervision," and "policy," reflected in

---

[15] *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quoting *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997)).

[16] Motion, Doc. 20, at 14-15.

[17] *Fowler v. Stitt*, 104 F.4th 770, 797 (10th Cir. 2024).

[18] *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1184 (10th Cir. 2020) (quoting *Quintana v. Santa Fe Cnty. Bd. of Commissioners*, 973 F.3d 1022, 1033 (10th Cir. 2020)).

[19] *Id.*

[20] Am. Compl., Doc. 18, at ¶ 32(a)-(c).

officers' alleged "disregard for the constitutional rights of residents in crisis," "lack of investigatory rigor," and the alleged absence of body camera footage that Plaintiffs imply, it seems, might support their cause.[21] Again, however, Plaintiffs fail to allege a nexus between the alleged constitutional deprivations and Clearfield City's own policies or practices, let alone Clearfield City's alleged deliberate indifference about those policies.

## CONCLUSION

For the foregoing reasons and for additional reasons set forth in Clearfield Defendants' Motion, Plaintiffs' Amended Complaint is fatally flawed as to Clearfield Defendants, and to each and all of them. Plaintiffs' claims as against the individual-capacity defendants are barred by qualified immunity. Specific to Detective Christensen, Plaintiffs' claims are barred, as well, because Plaintiffs do not allege any specific action or involvement by him as would be required to establish personal liability for a constitutional violation. Last, Plaintiffs' municipal-liability claims as against Clearfield City are also deficient as a matter of law. Plaintiffs' allegations are facially inadequate to state a constitutional violation, and they are similarly insufficient to support an argument that Plaintiffs' injuries, if any, were directly caused by any policies, customs, or practices of Clearfield City.

Plaintiffs' Amended Complaint, and all claims and causes of action set forth therein, should be dismissed, with prejudice, and this action should be terminated

[21] Pls' Opp., Doc. 25, at 4.

Respectfully submitted this 2nd day of June, 2026.

**STRONG & HANNI, P.C.**

/s/ Darcy M. Goddard
Darcy M. Goddard
Kristin A. VanOrman
Shayla A. Slaymaker
*Attorneys for Defendant Clearfield Police Dept.*

**CERTIFICATE OF SERVICE**

I certify that on this 2nd day of June 2026, a true and correct copy of the foregoing Clearfield Defendants' Reply Memorandum in Support of Motion to Dismiss Plaintiffs' Amended Complaint was served on the following by the method indicated below:

| | | |
|---|---|---|
| Cheryl Jones | ( ) | U.S. Mail, postage prepaid |
| Cory Jones | ( ) | Hand Delivery |
| | ( ) | Overnight Mail |
| | ( ) | Facsimile |
| | (X) | Email |
| | (X) | E-filing Notification |

*/s/ Darcy M. Goddard*